IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK DAVID PAULSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-471-GMS |
| | ) |
| OFFICER WILLIE PHILLIPS, | ) |
| WARDEN RICK KEARNEY, | ) |
| and COMMISSIONER STANLEY | ) |
| TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Mark David Paulson ("Paulson"), in inmate at the Sussex Correctional Institution ("SCI"), brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.   THE COMPLAINT**

Paulson brings the action against Officer Willie Phillips ("Officer Phillips), Warden Rick Kearney ("Warden Kearney"), and Commissioner Stanley Taylor ("Commissioner Taylor"). (D.I. 2.) Paulson alleges that the showers at SCI have stainless steel walls and floors with no anti-skid surfaces. He alleges that "through neglect and misuse by the institution, [the] floor surface was dangerously slippery". (D.I. 2, p. 3.) Paulson alleges that on May 28, 2005, he slipped and fell in the shower sustaining an injured back, shoulder, neck, and buttocks, damaging his teeth, and he now has constant ringing in his ears. Paulson alleges that other inmates have fallen in the same showers. Paulson also alleges that Officer Phillips witnessed the fall. Paulson

seeks compensatory and punitive damages. He also asks for appointed counsel.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Conditions of Confinement

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is

brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifference to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001).

Paulson's allegations do not rise to the level of a serious deprivation. At the most, he states a claim for ordinary negligence. Unfortunately for Paulson, it is well established that mere negligence by a state official is insufficient to state a claim under § 1983. *Daniels v. Williams,* 474 U.S. 327, 329 (1986). Indeed, numerous courts are in agreement that slippery floors do not violate the Eighth Amendment. *See Flandro v. Salt Lake County Jail,* 53 Fed. Appx. 499 (10th Cir. 2002); *LeMaire v. Maas,* 12 F.3d 1444, 1457 (9th Cir. 1993); *Denz v. Clearfield County,* 712 F.Supp. 65, 66 (W.D. Pa. 1989); *Turnstall v. Rowe,* 478 F.Supp. 87, 89 (N.D. Ill 1979); *Snyder v. Blankenship,* 473 F.Supp. 1208, 1212-13 (D.C. Va. 1979). Accordingly, the claim lacks an arguable legal basis, and therefore, it is dismissed as frivolous.

**B.    Pleading Deficiency**

Even if Paulson had stated a viable Eighth Amendment claim, his pleading is deficient. Paulson names as defendants Officer Phillips, Warden Kearney, and Commissioner Taylor. The only allegation against Officer Phillips is that he witnessed Paulson's fall. The complaint contains no allegations against Warden Kearney or Commissioner Taylor.

A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge*

3

*Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As is apparent from their titles, Warden Kearney and Commissioner Taylor hold supervisory positions, but it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris,* 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women,* No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, the allegations against Officer Phillips in no way allege that he deprived Paulson of a federal right or that he had any personal involvement in the alleged

wrongful act. According to the complaint Officer Phillips merely witnessed Paulson's fall. Further, Paulson does not associate any of his allegations with either Warden Kearney or Commissioner Taylor. Hence, it is not clear which defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations.

Quite simply, as currently presented, the complaint lacks an arguable basis in law and must, therefore, be denied as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### C.    Appointment of Counsel

In his prayer for damages Paulson asks the court to appoint counsel. Paulson, as a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

In the present case the court has determined that Paulson's claim has no arguable merit in law. Therefore, his motion for appointment of counsel is denied.

### IV.    CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5

Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 30, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK DAVID PAULSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 05-471-GMS ) |
| OFFICER WILLIE PHILLIPS, WARDEN RICK KEARNEY, and COMMISSIONER STANLEY TAYLOR, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30th day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. Paulson's motion for appointment of counsel is DENIED.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE